Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1108
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Elizabeth A. Naccarato, NV BAR #11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>       vs.<br><br>Engineering Documentation Systems, Inc., and Does 1 – 10 Inclusive,<br><br>              Defendants. | Case No.: _____<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br>• **AMERICANS WITH DISABILITIES ACT**<br>**(42 U.S.C. §§ 2000e, et seq. and 12117)**<br><br>**JURY TRIAL DEMAND** |

-1-

**NATURE OF THE ACTION**

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex (pregnancy) and retaliation and under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") to correct unlawful employment practices on the basis of disability (anxiety disorder) and to provide appropriate relief to Diana Hegg ("Charging Party Diana Hegg") who was adversely affected by such practices.

EEOC further brings this action under Title VII to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Christopher Hegg ("Charging Party Christopher Hegg") (hereinafter collectively referred to with Charging Party Diana Hegg as "Charging Parties" or "Claimants") who was adversely affected by such practices.

As alleged with greater particularity in Paragraphs 11 through 14 herein, the Commission alleges that Defendant Engineering Documentation Systems, Inc. ("EDSI"), and Does 1-10 (collectively referred to herein as "Defendants"), subjected Charging Party Diana Hegg to less favorable treatment with respect to accommodations and other terms and conditions of her employment than similarly situated male employees, on the basis of her pregnancy, a condition of her sex, female.  In addition, EEOC alleges that Defendants subjected her to unlawful retaliation in violation of Title VII when they added heightened and dangerous job requirements to her Administrative Assistant position and otherwise adversely affected the terms and conditions of her employment because she opposed Defendants' unlawful employment practices.  Further EEOC alleges that Defendants denied Charging Party Diana Hegg a reasonable accommodation for her disability in violation of Section 102 of the ADA, 42 U.S.C. 12112.

EEOC also alleges that Defendants unlawfully retaliated against Charging Party Christopher Hegg in violation of Title VII when they subjected him to adverse terms and

1   conditions of his employment, demotion and discharge because he opposed Defendants

2   unlawful employment practices and because he participated in an EEOC investigation of

3   unlawful employment practices.

4   <u>**JURISDICTION AND VENUE**</u>

5      **1.**    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

6   1343 and 1345.

7      **2.**    This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

8   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)

9   ("Title VII"), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102

10   of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Further, this action is authorized under §

11   107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3)(

12   of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3)

13   and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

14      **3.**    The employment practices alleged to be unlawful were committed within the

15   jurisdiction of the United States District Court for the District of Nevada.

16   <u>**PARTIES**</u>

17      **4.**    Plaintiff EEOC is the agency of the United States of America charged with the

18   administration, interpretation and enforcement of Title VII, and is expressly authorized to bring

19   this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and

20   § 2000e-6.  Plaintiff EEOC is the agency of the United States of America charged with the

21   administration, interpretation and enforcement of Title I of the ADA and is expressly authorized

22   to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by

23   reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

24      **5.**    At all relevant times, Defendant EDSI has continuously had at least (15)

25   employees and has been a corporation doing business in Nevada.

26      **6.**    At all relevant times, Defendant EDSI has continuously been an employer

27   engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of

28   Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and also within the meaning of § 101(5) of the

ADA, 42 U.S.C. § 1211(5), and § 101(7) of the ADA, 42 U.S.C. § 1211(7), which incorporates by reference §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).  At all relevant times, Defendants have been covered entities under § 101(2) of the ADA, 42 U.S.C. § 1211(2).

7.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE defendant individually or collectively as they become known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

8.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, including Defendants DOES 1 to 10, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## CONDITIONS PRECEDENT

9.     More than thirty (30) days prior to the institution of this lawsuit, Claimants Diana Hegg and Christopher Hegg filed charges of discrimination with the Commission alleging that Defendants violated Title VII and/or Title I of the ADA.

10.     Prior to the institution of this lawsuit, the Commission issued a Letter of Determination on each charge to Defendants finding reasonable cause to believe that Charging Party Diana Hegg was discriminated against on the basis of her pregnancy, a condition of her sex (female) in violation of Title VII, and on the basis of her disability in violation of the ADA.

-4-

1    Prior to institution of this lawsuit, the Commission issued a Letter of Determination finding that

2    Defendants had discriminated against Charging Party Christopher Hegg by retaliating against

3    him for engaging in protected activities in violation of Title VII.  Prior to instituting this lawsuit,

4    the EEOC attempted to eliminate the unlawful employment practices herein alleged and to

5    effect voluntary compliance with Title VII and the ADA through informal methods of

6    conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42

7    U.S.C. Sections 2000e-5(b).  All conditions precedent to the institution of this lawsuit have been

8    fulfilled.

9                                   **STATEMENT OF CLAIMS**

10       **11.**    Since at least January 2009, Defendants have engaged in unlawful employment

11   practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, 2000e-5 by subjecting

12   Charging Party Diana Hegg to discrimination because of her pregnancy, a condition of her sex

13   (female).

14                  a.    In January of 2009 Charging Party Diana Hegg advised Defendants that she

15                        was pregnant.

16                  b.    After disclosing her pregnancy to Defendants, Ms. Hegg's Contract

17                        Manager made several derogatory remarks to her regarding her pregnancy

18                        including, "I can't believe you're pregnant again."

19                  c.    From January of 2009 through to in or about July of 2009, Defendants

20                        subjected Ms. Hegg to adverse terms and conditions of her employment

21                        because of her pregnancy including, but not limited to, refusing to grant her

22                        requests move her workstation closer to the restroom as an accommodation

23                        for her high-risk pregnancy; requiring her to document the time she needed

24                        to use the restroom during her pregnancy; requiring her to turn in her badge

25                        and facility access card when going on temporary medical leave due to her

26                        pregnancy; and subjecting her to verbal harassment while she was out on

27                        such medical leave.

28                  d.    Similarly situated male employees with short-term medical conditions and

1    restrictions were treated more favorably by Defendants than Ms. Hegg.

2    **12.**    Since at least March 2009, Defendants have engaged in unlawful employment

3    practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by subjecting Ms. Hegg

4    to retaliation for engaging statutorily protected activities.

5    a.    In or about March of 2009 Ms. Hegg complained to a civilian naval

6    manager who provided oversight for Defendants' contract with the U.S.

7    Navy regarding the discriminatory treatment and harassment to which

8    Defendants were subjecting her because of her pregnancy.  She indicated to

9    that manager that she intended to seek assistance from the EEOC.

10   b.    The same day she made that Complaint she received a telephone call from

11   Defendants' Contract Manager who told her to stay away from the worksite

12   and asked her why she was threatening to sue Defendants.

13   c.    In or about July of 2009, when Ms. Hegg was preparing to return to work

14   from her pregnancy-related leave, Defendants advised her that she was not

15   permitted to return to work because her duties had changed and she was no

16   longer qualified for her position. They advised her that they were imposing

17   the new requirement of explosives and ammunition handling to her

18   Administrative Assistant position.  Defendants also advised her that she

19   would have to obtain a weapons handling certification and pass a new

20   physical requirements test in order to return to work.

21   d.    Ms. Hegg expressed concern regarding the newly imposed, dangerous job

22   duties and the new certification and physical requirements test.

23   e.    On or about August 12, 2009, Ms. Hegg met with Defendants' Contract

24   Manager to discuss her concerns with the new job requirements. At that

25   time Defendants terminated Ms. Hegg.

26   **13.**    Since at least July 2009, Defendants have engaged in unlawful employment

27   practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112, by denying Ms. Hegg a

28   reasonable accommodation for her disability.

-6-

a.   Ms. Hegg has a disability as that term is defined by the ADA. Specifically, Ms. Hegg has a psychological impairment that substantially limits her several major life activities, including but not limited to, brain function, concentrating, thinking, sleeping, interacting with others and working.

b.   Ms. Hegg is qualified to perform the duties of the Administrative Assistant position as she is able to perform the essential functions of the position with or without an accommodation.

c.   Ms. Hegg requested that Defendants provide a reasonable accommodation that would permit her to perform the essential of her job.

d.   Defendants denied Ms. Hegg's request for a reasonable accommodation and failed to even engage in an interactive process regarding her request.

14.   Since at least August 2010, Defendants have engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by subjecting Charging Party Christopher Hegg to retaliation for engaging in statutorily protected activities.

a.   Mr. Hegg engaged in protected activities when he opposed the unlawful treatment of Ms. Hegg and the unlawful retaliation against her. He also engaged in protected activity when he participated in the EEOC's investigation of Ms. Hegg's EEOC Charge of Discrimination in or about August 2010

b.   After engaging in those statutorily protected activities, Defendants demoted Mr. Hegg from his supervisory position as Technical Lead. In or about the same time, Mr. Hegg was subjected to abusive, hostile and harassing conduct from co-workers and other managers, including but not limited to threats of physical violence. By November 2010, Defendants had placed Mr. Hegg on leave. On or about November 30, 2010, Defendants terminated Mr. Hegg.

15.   The effect of the unlawful employment practices complained of as described in paragraphs 11 through 14 has been to deprive the Claimants of equal employment opportunities.

16.     The unlawful employment practices complained of in Paragraphs 11 through 14 were done intentionally and with malice and/or reckless indifference to the federally protected rights of the Claimants.

17.     As a direct and proximate cause of the Defendants' acts as stated above, Claimants have suffered emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages, all to be proven at trial which entitles them to compensatory damages.

18.     As a direct and proximate cause of the Defendants' acts as stated above, Claimants suffered loss of earnings including compensatory damages, as well as back pay, front pay and benefits in amounts according to proof and other relief the court deems appropriate..

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, female (pregnancy), or disability and which constitute retaliation.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and employees with disabilities and which eradicate the effects of its past unlawful employment practices.

C.     Order Defendants to make Claimants Diana Hegg and Christopher Hegg whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

D.     Order Defendants to make whole Diana Hegg and Christopher Hegg by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 11 through 14 above, in amounts to be determined at trial.

E.      Order Defendants to make whole Diana Hegg and Christopher Hegg by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 11 through 14 above, including but not limited to humiliation, frustration, emotional pain and suffering and inconvenience in amounts to be determined at trial.

F.      Order Defendants to pay Diana Hegg and Christopher Hegg punitive damages for their malicious and/or reckless conduct described in Paragraphs 11 through 14 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2011                      Respectfully Submitted

                                              P. DAVID LOPEZ
                                              General Counsel

                                              JAMES LEE,
                                              Deputy General Counsel

                                              GWENDOLYN YOUNG REAMS,
                                              Associate General Counsel

                                              U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION
                                              131 M Street, NE
                                              Washington, DC 20507

                                              By: _____
                                              ANNA Y. PARK
                                              Regional Attorney
                                              U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION