Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1079
Facsimile: (213) 894-1301

Elizabeth A. Naccarato NV SBN 11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Nancy Rader Whitehead, CA SBN 107332
Scott & Whitehead
1301 Dove Street, Suite 1000
Newport Beach, CA 92660
Telephone: (949) 222-0166
Facsimile: (949) 222-0113
nwhitehead@employerlaw.com

Attorneys for Defendant
Engineering Documentation Systems, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ENGINEERING DOCUMENTATION SYSTEMS, INC., and Does 1-10 inclusive;<br><br>Defendants | Case No.: 3:11-cv- 00707-HDM-VPC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Honorable Valerie P. Cooke<br>United States Magistrate Judge |

Case No. 3-11-cv-00707

1    In order to protect the confidentiality of confidential information obtained by the parties
2 in connection with this case, the parties, by their counsel undersigned, hereby stipulate and agree
3 as follows:
4    1.   Any party or non-party may designate as "confidential" (by stamping the relevant
5 page or as other otherwise set forth herein) any document or response to discovery which that
6 party or non-party considers in good faith to contain information involving trade secrets, or
7 confidential business or financial information, or confidential or private information, subject to
8 protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential
9 Information"). Where a document or response consists of more than one page, the first page and
10 each page on which confidential information appears shall be so designated.
11    2.   A party or non-party may designate information disclosed during a deposition or
12 in response to written discovery as "confidential" by so indicating in said response or on the
13 record at the deposition and requesting the preparation of a separate transcript of such material.
14 Additionally a party or non-party may designate in writing, within twenty (20) days after receipt
15 of said responses or of the deposition transcript for which the designation is proposed, that
16 specific pages of the transcript and/or specific responses be treated as Confidential Information.
17 Any other party may object to such proposal, in writing or on the record. Upon such objection,
18 the parties shall follow the procedures described in paragraph 8 below. After any designation
19 made according to the procedure set forth in this paragraph, the designated documents or
20 information shall be treated according to the designation until the matter is resolved according to
21 the procedures described in paragraph 8 below, and counsel for all parties shall be responsible
22 for making all previously unmarked copies of the designated material in their possession or
23 control with the specified designation.
24    3.   All information produced or exchanged in the course of this case (other than
25 information that is publicly available) shall be used by the party or parties to whom the
26 information is produced solely for the purpose of this case.

1    4. Except with the prior written consent of other parties, or upon prior order of this
2  Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed
3  to any person other than:
4    (a) counsel for the respective parties to this litigation, including in-house counsel
5  and co-counsel retained for this litigation;
6    (b) employees of such counsel;
7    (c) individual defendants, class representatives, any officer or employee of a
8  party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;
9    (d) consultants or expert witnesses retained for the prosecution or defense of this
10 litigation, provided that each such person shall execute a copy of the Certification annexed to this
11 Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the
12 Confidential Information and made available for inspection by opposing counsel during the
13 pendency or after the termination of the action only upon good cause shown and upon order of
14 the Court) before being shown or given any Confidential Information and provided that if the
15 party chooses a consultant or expert employed by Engineering Documentation Systems, Inc. or
16 one of its competitors, the party shall notify the opposing party or designating nonparty, before
17 disclosing any Confidential Information to that individual and shall give the opposing party an
18 opportunity to move for a protective order preventing or limiting such disclosure;
19   (e) any authors or recipients of the Confidential Information;
20   (f) the Court, Court personnel, and court reporters; and
21   (g) witnesses (other than persons described in paragraph 4(e)).
22  A witness shall sign the Certification before being shown a confidential document.
23 Confidential Information may be disclosed to a witness who will not sign the Certification only
24 in a deposition at which the party who designated the Confidential Information is represented or
25 has been given notice that Confidential Information shall be designated "Confidential" pursuant
26 to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain
27 copies.
28

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7. A party may designate as "Confidential" documents or discovery materials produced by a nonparty by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or nonparty as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or nonparty who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

1  10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or nonparty who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: November 14, 2012

By: /s/ Elizabeth A. Naccarato

Elizabeth A. Naccarato
EEOC Trial Attorney

By: /s/ Nancy R. Whitehead

Nancy Rader Whitehead
Scott & Whitehead
Attorneys for Defendant

IT IS SO ORDERED

U.S. MAGISTRATE JUDGE

DATED: November 14, 2012

-5-

Case No. 3-11-cv-00707

1
2
3
4
5    **Exhibit "A"**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in U. S. Equal Employment Opportunity Commission vs. Engineering Documentation Systems, Inc. Civil No.33:11-cv- 00707-HDM-VPC. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information — including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

Dated this ____ day of _____, 20____.

_____

_____
(Printed Name)

-7-

Case No. 3-11-cv-00707

## DECLARATION OF CM/ECF SERVICE

I am, and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed in the Litigation Unit of the Las Vegas Local Office of the United States Equal Employment Opportunity Commission. My business address is Equal Employment Opportunity Commission, 333 Las Vegas Blvd. Ste. 8112 Las Vegas, Nevada 89101.

On the date that this declaration was executed, as shown below, the following individuals were served the foregoing **STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**

*via* the Court's CM/ECF electronic filing service as follows:

Nancy Rader Whitehead
SCOTT & WHITEHAD
1301 Dove Street
Suite 1000
Newport Beach, California 92660
Telephone: (949) 222-0166
Facsimile: (949) 222-0113

E-Mail Address: nwhitehead@employerlaw.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 14, 2012 in Las Vegas, Nevada.

/s/ Elizabeth A. Naccarato