Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1079
Facsimile:  (213) 894-1301

Elizabeth A. Naccarato NV SBN 11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
Telephone:  (702) 388-5072
Facsimile:  (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Nancy Rader Whitehead, CA SBN 107332
Scott & Whitehead
1301 Dove Street, Suite 1000
Newport Beach, CA 92660
Telephone: (949) 222-0166
Facsimile: (949) 222-0113
nwhitehead@employerlaw.com

Attorneys for Defendant
Engineering Documentation Systems, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>ENGINEERING  DOCUMENTATION SYSTEMS, INC., and Does 1-10 inclusive;<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 3:11-cv- 00707-HDM-VPC<br><br>**[PROPOSED] CONSENT DECREE AND ORDER**<br><br><br>The Honorable Howard D. McKibben<br>United States District Judge |

-1-

# I.

# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Engineering Documentation Systems, Inc. (alternately referred to as "EDSI" or "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e et seq. ("Title VII") and Title I of the Americans with Disabilities Act of 1990 ("ADA"). The EEOC's complaint alleges that Diana Hegg ("Diana") and Christopher Hegg ("Christopher") (collectively referred to as "Charging Parties") were discriminated against by Defendant. Specifically, the complaint alleges that Diana was subjected to disparate treatment in the form of adverse terms and conditions of employment because of her pregnancy, a condition of her sex (female) in violation of Title VII and the Pregnancy Discrimination Act of 1978. Subsequently, she was retaliated against for complaining of disparate treatment ultimately resulting in her termination. Additionally, EEOC alleged that Defendant failed to accommodate Diana's disability in violation of the ADA. Finally, EEOC alleged that Chris was retaliated against for opposing Defendant's treatment of Diana and for participating in the EEOC's investigation of Diana's Charge of Discrimination. Defendant EDSI denies any liability in this action. This Decree and compliance with it shall not be construed as an admission of any liability whatsoever or as an admission by EDSI of any discrimination against the Claimants in violation of Title VII.

# II.

# PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    The Parties to this Consent Decree ("Decree") are the EEOC and Defendant. This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns.

B.     The Parties have entered into the Decree for the following purposes:

1.     To provide the appropriate monetary and injunctive relief;

2.     To ensure that Defendant's employment practices comply with federal law;

3.     To ensure a work environment free from discrimination and retaliation subsequent to any complaint of discrimination;

4.     To ensure training for Defendant's managers and employees with respect to the law against sex-based discrimination, discrimination on the basis of disability and any subsequent retaliation;

5.     To provide an appropriate and effective mechanism for handling complaints of sex-based discrimination, discrimination on the basis of disability and any subsequent retaliation; and

6.     To avoid expensive and protracted costs incident to this litigation.

### III.

### RELEASE OF CLAIMS

A.     This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the Complaint originally filed in the United States District Court, District of Nevada on September 30, 2011, now captioned U.S. Equal Employment Opportunity Commission v. Engineering Documentation Systems, Inc., Case No. 3:11-cv-00707-HDM-VPC, (the "Complaint").

B.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII the ADA and any other federal employment statute.

-3-

D.    This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.

## EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained here are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided here, the Decree shall remain in effect for four (4) years after the Effective Date.

## V.

## MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the parties with respect to the matters contained here.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C.    By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.

## JURISDICTION

A.    This Court has jurisdiction over the Parties and the subject matter of this lawsuit.  The Complaint asserts claims that, if proven, would authorize the

-4-

Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

# VII.
## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes has / have been breached. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B.     The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

C.      After thirty days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree.  The EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

# VIII.
## MONETARY RELIEF

-5-

A.      In settlement of all monetary claims of EEOC's case, the Defendant shall pay a total of seventy thousand dollars:  $70,000.00.   Allocation of settlement monetary amounts for each claimant in this case shall be at the sole discretion of the EEOC.

B.      The EEOC shall provide a list identifying the amounts to be paid, and relevant identifying information, (hereafter "Distribution List").  Within twenty (20) days of the Effective Date, the Defendant shall send a check to each of the claimants via certified mail, return receipt requested, a cashier check or money order.  The claimants' current addresses shall be supplied by the EEOC.

C.      Since the amount is designated as non-economic compensatory damages, no federal and state withholding taxes shall be made.  Defendant shall prepare and distribute Form 1099 or equivalent form(s) to claimants; and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.

D.      On the same day as when the settlement cashier checks, money order and 1099 form(s) are sent to claimants, Defendant shall submit a copy of each check and related correspondence to Anna Park, EEOC Regional Attorney at the office address on the caption page of this Decree.

## IX.

## CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within ten (10) days of the Effective Date of this Decree, Defendant shall:

A.      remove from the personnel files of Christopher Hegg and Diana Hegg all negative complaints, reports, criticisms, and any other documents reflecting negatively on their job performance for the suit's relevant time period from 2009 to the present or references to the charges of discrimination filed against Defendant or their participation in this action.

B.      to the extent that Defendant must keep records of the charges of discrimination or each Claimants' involvement in the Action in order to effectuate

this Decree, maintain said records separately and segregated from Claimants' personnel files.

C. Refrain from providing negative references and limit employment reference inquiries related to Claimants to verifying whether the identified Claimant was employed by Defendant and the time period of such employment.

D. Change any terminations to voluntary resignations for individuals identified by the EEOC and reflect such changes in any personnel file accordingly within 5 days of the effective date.

E. Provide letters of recommendation for employment for Christopher and Diana Hegg, in a form mutually agreed upon.

## X.

## GENERAL INJUNCTIVE RELIEF

A. <u>Discrimination Based on Sex</u>

Defendant, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) subjecting individuals to different treatment on the basis of their sex, or on the basis of pregnancy, a condition of sex, female; (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of subjecting any employee to disparate treatment on the basis of sex; and (c) creating, facilitating or permitting the existence of a work environment that is hostile to female employees.

B. <u>Discrimination Based on Disability</u>

Defendant, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined not to discriminate against any individual in the terms and conditions of employment on the basis of disability.

C. <u>Retaliation</u>

Defendant, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII or the ADA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

D.   Posting of Notice of Consent Decree

Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) in its headquarters facility, which is in Corona, California for the duration of the Decree. In addition, the Defendant shall also disseminate and post the Notice of Consent Decree, Attachment A, on the main page of Defendant's employee intranet for the duration of the decree.

E.   Equal Employment Opportunity Consultant

1.   Within thirty days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of employment discrimination to implement and monitor Defendant's compliance with Title VII and the provisions of this Decree.  The Monitor shall be subject to the EEOC's approval, which shall not be

-8-

unreasonably withheld.  If the EEOC does not approve Defendant's proposed Monitor, the EEOC shall provide Defendant with a list of at least three suggested candidates acceptable to the EEOC.  Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties. The Monitor's responsibilities shall include:

a.     Assisting Defendant in creating and/or revising its disability, discrimination, harassment, and retaliation policies and complaint procedures;

b.     Assisting Defendant in creating, applying and implementing its policy or policies against disparate treatment, discrimination, and retaliation and procedures handling complaints discrimination, harassment, and retaliation to more effectively carry out its obligations under this Decree;

c.     Assisting Defendant in training managerial and staff/hourly employees on their rights and responsibilities under Title VII and the ADA, including but not limited to the responsibilities to provide a workplace free of discrimination, harassment, and retaliation;

d.     Assisting Defendant in training all employees on policies and procedures relating discrimination, harassment, and retaliation and ensuring that all of Defendant's managerial and human resources employees are trained on policies and procedures relating to sex-based discrimination, harassment, and retaliation;

e.     Assisting Defendant in monitoring and assuring the adequate investigation of all complaints of sex-based discrimination, harassment, and/or retaliation;

f.     Assisting Defendant in properly communicating with complainants regarding the complaint procedure, status of the complaint/ investigation, results of the investigation, and any remedial action taken;

-9-

g.      Assisting Defendant in ensuring that all reports required by this Decree are accurately compiled and timely submitted;

h.      Assisting Defendant in creating appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

i.      Assisting Defendant in creating a centralized system of tracking discrimination, harassment, and retaliation complaints;

j.      Assisting Defendant in the designation and training of at least one human resources employee to receive and process all discrimination, harassment, and retaliation complaints; and

k.      Further ensuring compliance with the terms of this Decree.

F.      Revision of Policies and Procedures

1.      Within sixty (60) days of the Effective Date, Defendant, with the assistance of its Consultant, shall review and, if necessary, revise its policy against and complaint procedure for discrimination, harassment, and retaliation. The policy and complaint procedure shall include:

a.      a clear statement regarding Defendant's commitment to prevent discrimination, harassment, and retaliation;

b.      an assurance that employees who make complaints of discrimination and harassment or provide information related to such complaints will be protected from retaliation;

c.      a clearly described complaint process for discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally;

d.      an assurance that Defendant will protect the confidentiality of discrimination complaints to the extent possible from being disclosed to those who do not need to know;

e.      a complaint process that provides a prompt, thorough, and impartial investigation;

f.      a requirement that any employee in a supervisory position who receives a complaint, whether formal or informal, written or verbal, report such complaint to the human resources department within 24 hours of receiving said complaint;

g.      an assurance that Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

h.      a procedure for communicating with the complainant in writing regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken;

i.      assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination, harassment or any subsequent retaliation has occurred; and

f.      designation of at least one human resources employee to receive and process all sexual / sex-based discrimination, harassment, and retaliation complaints.

G.      <u>Distribution of Defendant's Disability Policies, Policies Against and Complaint Procedures Discrimination and Any Subsequent Retaliation</u>

1.      Within sixty (60) days of the Effective Date, Defendant shall post for the duration of the Decree a full-sized copy of its policy against and complaint procedure for discrimination, harassment, and retaliation.  The posting

-11-

shall be in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices) at its facilities that are operational during the term of the Decree.

2.     Within sixty (60) days of the Effective Date, Defendants\ shall distribute its policy against and complaint procedure for discrimination, harassment, and retaliation to all of its employees at its headquarters / corporate office(s) and all facilities that are operational during the term of the Decree.

3.     For the remainder of the term of this Decree, all new employees hired shall receive within thirty (30) days of hire Defendant's policy against and complaint procedure for discrimination, harassment, and retaliation; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department at its headquarters / corporate office(s) and all facilities that are operational during the term of the Decree.

4.     For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions shall receive within thirty days of promotion any policies and procedures of Defendant's against and about discrimination, harassment, and retaliation applicable to managerial employees; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department at its headquarters / corporate office(s) and all facilities that are operational during the term of the Decree.

H.     Training

1.     Within ninety (90) days of the Effective Date, the Defendant's shall review with the EEO Consultant and revise its training of its policy against and complaint procedure for discrimination, harassment, and retaliation.

2.     On or before August 31, 2013, the Defendant, with the assistance of the Consultant, if necessary, shall provide live, in-person training(s) for managers, human resources personnel and employees who are located in the

Southern California area.  The training shall be at least three 3 hours in duration about its policy against and complaint procedure for discrimination, harassment, and retaliation for its managerial and human resources employees and a separate training of at least one hour in duration for its non-managerial staff/hourly employees. Non-managerial staff/hourly employees located outside the Southern California area may receive training via video conferencing with a real-time trainer available for questions during and after the training. The employees to be trained are those who work at all of Defendant's headquarters / corporate office(s) and other facilities where its employees work.

3.      The live training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of discrimination, harassment, and retaliation; and how to take preventive and corrective measures against discrimination, harassment and any subsequent retaliation.  The training of managerial employees shall also sensitize managers to subtle complaints of harassment/discrimination; instruct managers of their responsibility to promptly inform the human resources department of all complaints, and instruct managers on the prohibition against retaliation.

4.      After the initial trainings described in paragraphs 2 and 3 of this section, Defendant shall conduct annual training (every twelve (12) months thereafter for the term of this Decree) on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for discrimination, harassment, and retaliation for its managerial employees and separate refresher training for its employees.  The employees to be trained are those who work at all of its headquarters / corporate office(s) and facilities that are operational during the term of the Decree.

5.      For any employees who miss the scheduled training described in this section, the Defendant shall show a videotape of the scheduled training to these employees within thirty (30) days of the scheduled training.

6.    All employees required to attend such training shall verify their annual attendance in writing.

I.    Performance Evaluations

Defendant shall hold its managers, supervisors, and human resources personnel accountable for engaging in discrimination, harassment, and/or retaliation; or for failing to comply with Defendant's policy against and complaint procedures for discrimination, harassment and retaliation.  For the upcoming review cycle, for manager, supervisor and human resources personnel reviews, Defendant shall include as measures for performance compliance with Defendant's policy against and complaint procedures for discrimination, harassment, and retaliation.

## XI.

## RECORD KEEPING AND REPORTING

A.    Record Keeping

The Defendant shall work with the Consultant to establish a record-keeping procedure that provides for the centralized tracking of complaints in about sexual / sex-based discrimination, harassment, and retaliation.  The records to be maintained shall include:

1.    All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination, harassment, and a retaliation for the duration of the Decree and the identities of the parties involved;

2.    All forms acknowledging each employee's receipt of Defendant's revised policy and complaint procedure against discrimination, harassment, and retaliation; and

3.    A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.

-14-

4.     The Defendant shall provide to the Commission upon request all documents generated in connection with any Title VII of ADA complaint, investigations, and resolutions.  The Commission shall give Defendant 30 Days notice of any request for documents pursuant to this paragraph.

B.     <u>Reporting</u>

The Defendant shall provide the following reports to the Commission in writing, by mail, or by facsimile:

1. On or before September 1, 2013 and semi-annually thereafter (with the last reporting one month before the end of the Consent Decree) for the term of the Decree, Defendant shall submit to the Commission the following:

a.     verification that the Notice of Consent Decree (Attachment A) has been posted in compliance with the Consent Decree;

b.     its policy against and complaint procedure for discrimination, harassment, and retaliation after consultation with the EEO Consultant in compliance with the Consent Decree;

c.     verification that its current or revised policy and complaint procedure for discrimination, harassment, and retaliation have been posted in compliance with the Consent Decree;

d.     verification of the distribution to Defendant's employees of its policy against and complaint procedure for discrimination, harassment, and retaliation in compliance with the Consent Decree; and the employee's acknowledgments of the receipt of the policy and complaint procedure;

e.     a copy of Defendant's training materials and schedule of training;

f.     verification that all applicable managerial and non-managerial employees have been trained in compliance with the Consent Decree;

g.     the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

-15-

i.      verification that a record keeping system has been established for the tracking of discrimination, harassment complaints, the employees' acknowledgment of the receipt of Defendant's policy and complaint procedure for discrimination, harassment, and retaliation; and for the attendance / completion of all of its employees in training concerning its policy against and complaint procedure for discrimination, harassment, and/or retaliation in compliance with the Consent Decree; and

j.      a summary report of their investigation into any complaint about discrimination, harassment, and/or retaliation for complaining about discrimination and/or harassment.  The investigation report shall include the following for each complaint during the reporting period:

(1).    the name, sex and title of the complaining party(ies);

(2).    the date of the complaint;

(3).    the name, sex and title of the alleged harasser(s);

(4)     the name, sex and title of the person(s) who  conducted the investigation into the complaint;

(5)     the nature of the complaint;

(6)     the date of the commencement and completion of the investigation;

(7)     a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(8)     the outcome of the investigation and any action taken; and.

-16-

(9)    whether previous discrimination and/or harassment complaints had been made regarding the alleged harasser(s).  If so, the report should also include the outcome of the prior investigations.

k.    The first report shall demonstrate compliance with the claimant specific relief as set forth in Section IX above.

2.    All reports under this Paragraph shall be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XII.

## EEOC'S REQUEST FOR ADDITIONAL INFORMATION ON DEFENDANT'S INVESTIGATION OF COMPLAINTS OF DISCRIMINATION, HARASSMENT AND /OR RETALIATION

1.    Within thirty (30) days of receipt of Defendant's Report, the EEOC may request in writing for additional information and/or the investigative file of the complaints and investigation reported in the Quarterly Investigation Report; and to provide reasons for its request.

2.    Within thirty (30) days of the receipt of the EEOC's request for additional information and/or the investigative file(s), Defendant is to provide the requested information and investigative file(s) or to provide its reasons for not disclosing the information and / or investigative file.

## XIII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Consultant.

-17-

# XIV.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

# XV.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Defendant and its successors shall assure that each of its affiliates, officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

//

//

//

D.     The parties agree to entry of this Decree and judgment subject to final approval by this Court.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Dated:   **04/11/13**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ANNA Y. PARK
ELIZABETH NACCARATO

By:
Anna Y. Park
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated:

**DEFENDANT ENGINEERING DOCUMENTATION SYSTEMS, INC.**

SCOTT & WHITEHEAD
Nancy Whitehead

By:
Nancy Whitehead
Attorney for Defendant Engineering
Documentation Systems, Inc.

-19-

1        D.    The parties agree to entry of this Decree and judgment subject to final

2    approval by this Court.

3        All parties, through the undersigned, respectfully apply for and consent to

4    the entry of this Consent Decree Order.

5

6    Dated:                         **U.S. EQUAL EMPLOYMENT**
                                           **OPPORTUNITY COMMISSION**

7                                      ANNA Y. PARK
                                  ELIZABETH NACCARATO

8

9                                      By: _____

10                                     Anna Y. Park
                                  Regional Attorney
                                  U.S. EQUAL EMPLOYMENT

11                                     OPPORTUNITY COMMISSION

12

13   Dated:    4/15/13           **DEFENDANT ENGINEERING**
                                  **DOCUMENTATION SYSTEMS, INC.**

14                                     SCOTT & WHITEHEAD
                                  Nancy Whitehead

15

16                                     By _____

17                                     Nancy Whitehead
                                  Attorney for Defendant Engineering
                                Documentation Systems, Inc.

18

19

20

21

22

23

24

25

26

27

28

-19-

# [PROPOSED] ORDER

GOOD CAUSE APPEARING,

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Date: _____

By: _____
THE HON. Howard D. McKibben
United States District Court Judge

-20-